IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS FITTS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-494-DRH |
| | ) |
| **DONALD GAETZ,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Also before the Court is Petitioner's "motion to proceed" (Doc. 3) in which he requests that the Court not dismiss his habeas action as untimely.

Petitioner was convicted in 1998 in the Circuit Court for Massac County, Illinois, of first-degree murder and two counts of aggravated battery with a firearm. Petitioner was initially sentenced to natural life in prison on the murder conviction and two consecutive terms of 30 years each on the aggravate battery with a firearm convictions. During Petitioner's state post-conviction proceedings, however, Petitioner's sentence for the murder conviction was reduced to 60 years imprisonment (consecutive to his aggravated battery with a firearm sentences).

At first blush, the instant petition would appear to have timeliness issues. However, it appears that there was a significant delay while Petitioner's state post-conviction action was pending in the state courts. In any event, the statute of limitations is an affirmative defense to be asserted

by the Respondent. While the Court may raise timeliness issues if it is clear that the facts support the defense, such is not the case here. Based on the record before it, the Court cannot at this time decide whether the instant petition is time barred.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. In its answer, the Respondent shall address whether the instant action is time barred as well as the merits of the petition.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that Petitioner's "motion to proceed" (Doc. 3) is **DENIED** without prejudice as premature. If Respondent asserts a statute of limitations defense, then Petitioner will have an opportunity to respond to that assertion.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk [and each opposing party] informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

IT IS SO ORDERED.

**DATED:** September 1, 2010

                                            /s/    DavidRHerndon
                                            **DISTRICT JUDGE**