# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS FITTS,

Petitioner,

No. 10-00494-DRH –DGW

JACQUELINE LASHBROOK[1],

Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is petitioner Fitts' latest motion to proceed in *forma pauperis* on appeal (doc. 53) and motion for certificate of appealability (doc. 52). On September 26, 2013, the Court denied and dismissed Fitts' 28 U.S.C. § 2254 petition with prejudice (doc. 21) and the Clerk of the Court entered judgment reflecting the same (doc. 22). On October 23, 2013, petitioner Fitts filed his original notice of appeal (doc. 23) along with his original motion for certificate of appealability (doc. 24). On October 31, 2013, the Court declined to issue a certificate of appealability, (doc. 27), finding that Fitts could make no substantial showing of a denial of a constitutional right as the non-procedurally defaulted claim was "not debatable among jurists of reason." On May 13, 2014, the Seventh Circuit Court of Appeals, construing it as an application for certificate of appealability, denied Fitts' original notice of appeal (appellate case no. 13-3433) and issued its mandate on June 4, 2014. *See* doc. 39.

---

[1] Jacqueline Lashbrook, as the current Warden at Menard Correctional Center, has been substituted above as the proper respondent.

1

No further activity occurred in the district court's docket, or the appellate court's docket, until February 8, 2018, when petitioner Fitts filed his second notice of appeal and second motions for leave to appeal *in forma pauperis* (doc. 42) and for issuance of a certificate of appealability (doc. 43), which this Court both denied on February 27, 2018 (doc. 48). In that denial Order, the Court explained that per 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id*. To determine when an appeal is taken in good faith, the Court "need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 026 (7th Cir. 2000)). The Court found that "no reasonable person could reach the conclusion that the [second] appeal is taken in good faith as the Court has already found one of Fitts' claims to be procedurally defaulted and the other to be meritless." Doc. 48 at 2. Additionally, the claims were untimely by a period of four years. *See also,* Show Cause Order of Seventh Circuit Court of Appeals, no. 18-1329, doc. 2 stating ("In this case judgment was entered on September 26, 2013, and the notice of appeal (petitioner's second in this case – *see* Appeal No. 13-3433) was filed . . . well over four years late . . . IT IS SO ORDERED that appellant . . . file a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction."). Thus, the Court denied the motion for leave to appeal *in forma pauperis* (doc. 42) and denied as moot the motion for

certificate of appealability (doc. 43), as the Court had already previously declined the certificate.  Doc. 48 at 3.

Now, petitioner has filed a **third** notice of appeal (doc. 50), *his second this year*, along with his third motion for leave to appeal *in forma pauperis* (doc. 53) and third motion for certificate of appealability (doc. 52).  The motions are **DENIED**.  To begin, the motion for certificate of appealability directly mirrors the one recently denied on February 27, 2018, except for a Jurisdictional Memorandum attached at the end.  The Court is apt to believe this memorandum was submitted in response to the directives by the Seventh Circuit Court of Appeals given in petitioner's second appellate case, no. 18-1329, in which the Seventh Circuit twice directed petitioner to state why his case should not be dismissed for lack of jurisdiction.  *See* appellate docket no. 18-1329, docs. 2;8.  Instead of filing the jurisdictional memorandum with the appellate court at the appropriate time, petitioner moved to dismiss his case, *id*. at doc. 9, which the Seventh Circuit did on March 19, 2018.  *Id*. at doc. 10.

No facts have changed in the time between petitioner's second and third appeals that would alter this Court's decision to deny his pending motions.  The third appeal is a duplicate of the appeal petitioner recently dismissed in the Seventh Circuit and this Court has not granted any extension for the appeals period under Federal Rule of Appellate Procedure 4(a)(5), nor has petitioner shown any procedural reason why he should be permitted to bring three

successive appeals without ever filing for a writ of certiorari with the Supreme Court[2].

Accordingly, it is **HEREBY ORDERED** that petitioner Fitts' motion for leave to proceed *in forma pauperis* (doc. 53) is **DENIED.** Petitioner Fitts shall tender the appellate filing and docketing fee of $505.00 to the Clerk of the Court in this District within **THIRTY** (30) days of the date of the entry of this Order or he may reapply with the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal. Again, the Court **DENIES as moot** the motion for certificate of appealability (doc. 52) as the Court has twice declined the certificate.

**IT IS SO ORDERED.**

Judge Herndon
2018.05.22
14:35:08 -05'00'

**United States District Judge**

---

[2] As the Court noted in its February 27, 2018 Order, is possible that petitioner Fitts believes he has filed a successive section 2254 petition, opposed to an appeal of the district court's Order denying his original 2254 petition. Regardless of if that is true, petitioner has not followed the procedure dictated by 28 U.S.C. § 2244 for filing a successive section 2254 petition, in that Fitts has not presented a new rule of constitutional law or new facts underlying his case nor has he sought an order from the appropriate court of appeals authorizing the district court to consider the second application. *See* 28 U.S.C. § 2244 2(A) and (B) and § 2244 3(A).